UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK IV TRANSPORTATION & LOGISTICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> USA GLOBAL LOGISTICS, LLC; JIM GINERIS, <br><br> *Defendants*. | No. 25-cv-04096 (MEF)(SDA) <br><br> **OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with this case.

\* \* \*

One of the Defendants[1] has moved to dismiss, in part for lack of personal jurisdiction. See Defendant Jim Gineris' Brief in Support of His Motion to Dismiss Plaintiff's Amended Complaint ("Defendant's Brief") (ECF 21-1) at 12-15.

In response, the Plaintiff[2] argues there is specific personal jurisdiction over that Defendant. See Brief in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition) (ECF 26) at 8-11.

\* \* \*

The Defendant acknowledges that he had "contacts with" the Plaintiff that "included a few communications with [the] Plaintiff related to the deliveries that are at issue in this

---

[1] Jim Gineris.

[2] Mark IV Transportation & Logistics, Inc.

lawsuit." See Motion to Dismiss, Exhibit A ("Exhibit A") (ECF 21-2) ¶¶ 11-12.

This alone may be enough to establish specific personal jurisdiction. See, e.g., Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481-82 (3d Cir. 1993) (holding --- in the context of an applicable state statute that, as here, pushes federal long-arm jurisdiction out to the fullest extent allowed by the federal Constitution --- that there was personal jurisdiction where a defendant, "in his individual and corporate capacity, directed at least twelve communications to the forum"); see also, e.g., Kitchen & Assocs. Servs., Inc. v. Haven Campus Communities, 2019 WL 6606857, at *5 (D.N.J. Dec. 4, 2019) ("'[W]hen the plaintiff can proffer evidence of a defendant deliberately directing mail, telephone, and/or email communications to the forum state,' then a finding of personal jurisdiction may be proper."); Heartland Payment Sys., LLC v. Carr, 2019 WL 949120, at *7 (D.N.J. Feb. 17, 2019) (same); Rowland Global LLC v. Good Clean Love, Inc., 2016 WL 952339, at *4 (D.N.J. Mar. 14, 2016) (same).

But in this context, personal jurisdiction all but necessarily raises constitutional issues. See Azubuko v. E. Bank, 160 F. App'x 143, 146 (3d Cir. 2005); see also Caduceus, Inc. v. Univ. Physician Grp., 713 F. Supp. 3d 30, 39 (D.N.J. 2024).

And "constitutional issues should be avoided whenever possible." Little v. Wuerl, 929 F.2d 944, 946 (3d Cir. 1991); see also Doe (R.N.H.) v. Wyndham Hotels & Resorts, Inc., 2025 WL 2380410, at *1 (D.N.J. Aug. 15, 2025).

One way to avoid the possibility of breaking new constitutional ground here is to narrow the potential issues by ordering jurisdictional discovery. See Caduceus, 713 F. Supp. 3d at 39 (ordering jurisdictional discovery to facilitate such constitutional avoidance).[3]

---

[3] Where there is a corporate defendant, the Third Circuit has held that "jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" See Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). Indeed, in cases with corporate defendants, "there is, at least in some sense, a 'presumption' of jurisdictional discovery." Doe (R.N.H.), 2025 WL 2380410, at *1. In that context, "the Third Circuit has allowed for such discovery

That is appropriate here.

Accordingly, the motion to dismiss at ECF 21 is denied in favor of jurisdictional discovery. That discovery will go forward under the supervision of the United States Magistrate Judge.[4]

IT IS on this 16th day of October, 2025, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.

---

where, among other things, a defendant knowingly sent relevant communications into the forum state." See VRC Consulting, Inc. v. Sternberg, 2024 WL 3091956, at *1 (D.N.J. June 21, 2024) (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 100 (3d Cir. 2004); Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)). The Defendant here is the CEO and majority shareholder of USA Global Logistics, LLC. See Exhibit A ¶ 6. But no one argues that this means the corporate-defendant "presumption" should be applied. Cf. Mass. Sch. of L., 107 F.3d at 1042 ("Where the defendant is an individual, the presumption in favor of discovery is reduced."). And so the Court does not rely on it.

[4] The Defendant also moved to dismiss on the merits. See Defendant's Brief at 15-22. The Defendant may re-raise these arguments, if he wishes, in any renewed motion filed after the close of jurisdictional discovery.